1  **WO**

2                                                                              MW

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9    Simat Singh,                              No.  CV-20-00568-PHX-MTL (CDB)

10                          Petitioner,         **ORDER**

11   v.

12   Chad Wolf, et al.,

13                          Respondents.

14   ───────────────────────────────

15        Petitioner Simat Singh (A# 201-741-074) has filed, through counsel, a Renewed

16   Emergency Motion to Stay (Doc. 19).  The Motion will be granted.

17   **I.     Background**

18        Petitioner is a native and citizen of India.  On June 10, 2019, he entered the United

19   States without inspection near Calexico, California, and was encountered and taken into

20   custody by the United States Department of Homeland Security (DHS).  (Doc. 1-1 at 5-6,

21   21-25.)  Petitioner was determined to be inadmissible to the United States and placed in

22   expedited removal proceedings pursuant to Immigration and Nationality Act (INA)

23   § 235(b)(1), 8 U.S.C. § 1225(b)(1).   He expressed a fear of persecution or torture if

24   returned to India and was referred for a credible fear determination.  (*Id.*)  Petitioner was

25   then transferred and detained in the CoreCivic La Palma Correctional Center in Eloy,

26   Arizona.  (*Id.* at 5.)

27        On August 21, 2019, Petitioner received a credible fear interview.  (Doc. 1-1 at 5-

28   20.)   An asylum officer found Petitioner was credible but determined that he had not

established a credible fear of persecution or torture if removed to India.  (*Id.* at 4-10.)  The asylum officer reasoned in part that Petitioner (1) had not established a credible fear of persecution because he had "not indicated that [he was] harmed in the past, and there is no significant possibility that [he] could establish in a full hearing that the harm [he fears] is well founded," and (2) had not established a credible fear of torture because he had "not established that there is a significant possibility that . . . [he] would suffer severe physical or mental pain or suffering."  (*Id.* at 4.)  The determination was approved by a supervisory asylum officer (*id.* at 9), and on August 23, 2019, Petitioner was ordered removed from the United States (*id.* at 4, 10).

Petitioner requested review of the credible fear determination by an Immigration Judge ("IJ") (Doc. 1-1 at 4, 10), and on September 3, 2019, the IJ affirmed the asylum officer's determination.  Petitioner was subsequently transferred to the CoreCivic Adams County Correctional Center in Natchez, Mississippi.  (Doc. 1 ¶¶ 6, 12.)

## II.    Petition

In his Petition, Petitioner names Acting DHS Secretary Chad Wolf, United States Attorney General William Barr, Acting United States Immigration and Customs Enforcement ("ICE") Director Matthew T. Albence, Acting United States Citizenship and Immigration Services ("USCIS") Director Kenneth Cuccinelli, former ICE Phoenix Field Office Director Henry Lucero, USCIS New Orleans Field Office Director Stanley Crockett, and Adams County Correctional Center Warden Shawn Gillis as Respondents.

Petitioner asserts that this Court has habeas corpus jurisdiction to review his claims pursuant to the Ninth Circuit's decision in *Thuraissigiam v. U.S. Dep't of Homeland Sec.*, 917 F.3d 1097 (9th Cir. 2019), *cert. granted*, No. 19-161 (Oct. 18, 2019).  He brings four grounds for relief.

In Grounds One through Three, Petitioner claims that his credible fear proceedings denied him a fair and meaningful opportunity to apply for relief in violation of the INA, the implementing regulations, and the Due Process Clause of the Fifth Amendment. Petitioner alleges the asylum officer failed to employ the required non-adversarial

procedures when conducting his credible fear interview, misstated the record, misallocated the burden of proof, and misapplied the law when evaluating his credible fear claim.  In Ground Four, Petitioner requests attorney's fees and costs under the Equal Access to Justice Act.

In his demand for relief, Petitioner asks the Court to: (1) determine that his expedited removal order violated his statutory, regulatory, and constitutional rights and, as a result, he is being detained in violation of the law; (2) vacate the expedited removal order; (3) order that he "be provided a new, meaningful opportunity to apply for asylum and other relief from removal"; and (4) award reasonable costs and attorney's fees.  (Doc. 1 at 27.)

**III.    Renewed Emergency Motion to Stay**

Petitioner's counsel states that last week, several of her clients who are "Indian asylum seekers . . . detained in ICE facilities in Arizona, Pennsylvania, Mississippi, Georgia, Texas, and Louisiana," called her office and said that "they were being forced to sign a document and that they would be removed en mass the first week of June 2020." (Doc. 19-1 ¶¶ 1-2.)  Counsel contacted ICE and was advised "that no removals to India [would] tak[e] place until July 2020, after COVID travel restrictions were lifted."  (*Id.* ¶ 3.) However, over the weekend, "three of [counsel's] Indian clients, all of whom had pending federal cases, were deported with no notice."  (*Id.* ¶ 4.)  Petitioner therefore moves the Court to stay his removal from the United States for the remainder of these proceedings.

In the Ninth Circuit, "a petitioner seeking a stay of removal must show that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor." *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (discussing application of *Nken v. Holder*, 556 U.S. 418, 444 (2009)).

The Court will issue a temporary stay of removal.  Because removal would deprive Petitioner of the relief he seeks – asylum in the United States – he has shown that it is probable that he would suffer irreparable harm absent a stay.  Petitioner has also shown

that he has a substantial case on the merits, without prejudice to Respondents demonstrating the contrary, by raising material legal issues in the credible fear determination process.  Lastly, the balance of hardships tips sharply in Petitioner's favor. A stay will maintain the status quo until Respondents have had an opportunity to brief the Petition and will facilitate a considered review of the parties' arguments by the Court and a reasoned decision on the issues presented.

**IT IS ORDERED:**

(1)     The reference to the Magistrate Judge is **withdrawn** as to Petitioner's Renewed Emergency Motion to Stay (Doc. 19) and the Motion is **granted**.

(2)     Respondents are **enjoined** from removing Petitioner Simat Singh (A# 201-741-074) from the United States pending further order of this Court.

(3)     The Clerk of Court shall **email** a copy of this Order to the Immigration TRO Distribution List.

Dated this 4th day of June, 2020.

Michael T. Liburdi
United States District Judge