1    **WO**

2

3

4

5

6             **IN THE UNITED STATES DISTRICT COURT**

7               **FOR THE DISTRICT OF ARIZONA**

8

9    Simat Singh,                          No. CV-20-00568-PHX-MTL

10                  Petitioner,             **ORDER**

11   v.

12   Chad Wolf, et al.,

13                  Respondents.

14

15          Before the Court is Petitioner Simat Singh's Motion for Voluntary Dismissal. (Doc.

16   27.) For the following reasons, the motion is granted.

17          Petitioner, a native and citizen of India, entered the United States without inspection

18   on July 10, 2019. (Doc. 1-1 at 5-6, 21-25.) He was placed in expedited removal proceedings

19   and ordered removed from the United States following an asylum officer's determination

20   that he had not established a credible fear of persecution or torture if removed to India.[1]

21   (Doc. 1-1 at 4-10.) He then filed the pending Petition for Writ of Habeas Corpus (the

22   "Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) It requests that the Court assume

23   jurisdiction, issue a writ of habeas corpus, declare that he was unlawfully detained, vacate

24   the expedited removal order, and order that he be permitted to apply for asylum and other

25   relief from removal. (Doc. 1 at 26–27.)

26          The present motion, filed on February 5, 2021, states that Petitioner has been

27   released from custody, such that his Petition has been rendered moot. (Doc. 27 at 2.) He

28

---

[1] An Immigration Judge ("IJ") subsequently affirmed that decision. (Doc. 1-1 at 4, 10).

requests that the case be dismissed without prejudice. Seeing good cause, the Court will grant the motion.

In addition, the Court finds that dismissal is independently appropriate given the United States Supreme Court's recent decision in *Dep't of Homeland Sec. v. Thuraissigiam*, ___ U.S. ___, 140 S. Ct. 1959 (2020). In the underlying case, the Ninth Circuit concluded, "in line with [its] precedents," that the relevant provision of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(e), does not provide jurisdiction to review a petitioner's action for habeas corpus relief. *Thuraissigiam v. U.S. Dep't of Homeland Sec.*, 917 F.3d 1097, 1104 (9th Cir. 2019). Nonetheless, it held that the Suspension Clause and Due Process Clause of the United States Constitution provide federal courts with jurisdiction to hear a petitioner's "legal challenges to the procedures leading to his expedited removal order." *Id*. at 1119.

The Supreme Court reversed, in an order dated after the filing of the present Petition, finding that "the Ninth Circuit erred in holding that § 1252(e)(2) violates the Suspension Clause and the Due Process Clause." 140 S. Ct. at 1983. The Supreme Court further noted that the rule "adopted by the Ninth Circuit would undermine the 'sovereign prerogative' of governing admission to this country and create a perverse incentive to enter at an unlawful rather than a lawful location." *Id*. An asylum seeker with a negative credible fear determination "has only those rights regarding admission that Congress has provided by statute." *Id*. at 1961. Congress provided the right to a "determin[ation]" whether the petitioner in *Thuraissigiam*, as in the present case, had "a significant possibility" of "establish[ing] eligibility for asylum," and "was given that right." *Id*. (citing 8 U.S.C. §§ 1225(b)(1)(B)(ii), (v)). The Constitution requires "nothing more." *Id*. at 1983.

The Court therefore lacks subject-matter jurisdiction over the Petition. For this independent reason, dismissal of the case without prejudice is appropriate.[2] *See* Fed. R.

---

[2] Also currently pending is Magistrate Judge Bibles's Report and Recommendation ("R & R") recommending that Respondents' Motion to Dismiss (Doc. 16) be granted to the extent that the case be transferred to the Southern District of Mississippi. (Doc. 21 at 21); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) ("District courts are limited to granting habeas relief 'within their respective jurisdictions.'") (quoting 28 U.S.C. § 2241(a)). While thoroughly well-reasoned, the R & R is no longer relevant in light of Petitioner's voluntary

Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017) ("District courts adjudicating habeas petitions . . . are instructed to summarily dismiss claims that are clearly not cognizable."). *Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 971 (9th Cir. 2019) ("[I]n general, dismissal for lack of subject matter jurisdiction should be without prejudice.").

Accordingly,

**IT IS ORDERED** granting Petitioner's Motion for Voluntary Dismissal (Doc. 27) and dismissing this case without prejudice.

**IT IS FURTHER ORDERED** that the Court declines to adopt the Magistrate Judge's Report and Recommendation, as moot. (Doc. 21).

**IT IS FURTHER ORDERED** denying Respondents' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(3) as moot. (Doc. 16.)

**IT IS FINALLY ORDERED** directing the Clerk of the Court to close this case.

Dated this 8th day of February, 2021.

Michael T. Liburdi
United States District Judge

---

dismissal and the Supreme Court's subsequent ruling in *Thuraissigiam*, 140 S. Ct. 1959, and the Court declines to adopt it as such.